UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARDAMAN & ASSOCIATES, INC.<br>　　　　Plaintiff | CIVIL ACTION |
| VERSUS | SECTION |
| AIMS GROUP, INC.<br>　　　　Defendant | MAGISTRATE |

## COMPLAINT FOR DAMAGES

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE EASTERN DISTRICT OF LOUISIANA:**

The Complaint for Damages of Ardaman & Associates, Inc., plaintiff herein, a Florida corporation authorized to do business and doing business in the State of Louisiana, appearing herein by and through undersigned counsel, respectfully represents that this is a civil action against AIMS Group, Inc. for breach of contract, and for violation of the federal and state prompt payment acts (31 U.S.C. §3901 *et seq.* and La. R.S. 9:2784), the details of which are set forth below. This civil action seeks monetary damages in the amount of the sum agreed upon in the parties' contract or, alternatively, in a sum amounting to the reasonable value of Ardaman's services; and, additionally, this action seeks damages consisting of attorneys' fees and the monetary penalties provided for under the aforementioned prompt payment acts.

## THE PARTIES

1.

Ardaman & Associates, Inc. ("Ardaman"), plaintiff herein, at all times material hereto was and is a Florida corporation, authorized to do business and doing business in the State of Louisiana, with a principal place of business in the State of Florida. Ardaman is in the business of providing professional geotechnical engineering services including, but not limited to, the design of

foundations and earthfill dams.

2.

Made Defendant herein, AIMS Group, Inc. ("AIMS"), is, and at all times material hereto was, a Louisiana corporation, authorized to do business and doing business in the State of Louisiana, with a principal place of business in Jefferson Parish, Louisiana.

**JURISDICTION AND VENUE**

3.

Jurisdiction is conferred upon this upon this Honorable Court by both 28 U.S.C. §1331 and 28 U.S.C. §1332.

4.

The instant action arises out of services performed by Ardaman for a federal construction project initiated by the United States Army Corps of Engineers, New Orleans District ("USACOE"). Accordingly, by virtue of the fact that Ardaman's prompt payment claim arises from a federal public works project, it is governed by the laws of the United States. As such, this Court has original jurisdiction under 28 U.S.C. §1331, and supplemental jurisdiction for the additional claim(s) under 28 U.S.C. §1367.

5.

Alternatively, this Court has diversity jurisdiction under 28 U.S.C. §1332 because Ardaman and AIMS are "citizens of different states," and the amount in controversy for Ardaman's breach of contract claim and prompt payment claim, when viewed collectively, exceeds the sum of $75,000.

6.

Venue in the Eastern District of Louisiana is proper pursuant to 28 U.S.C. §1391 because

it is the district in which AIMS has its principal office, and it is the district in which a substantial part of the events giving rise to the claim occurred.

## FACTUAL ALLEGATIONS

7.

Upon information and belief, at some point in 2006, AIMS entered into an indefinite delivery/indefinite quantity contract (number W912P8-05-D-0027) (hereinafter referred to as the "Global Contract") with the USACOE.

8.

On or about August 14, 2007, the USACOE issued a Request for Cost Proposal ("RFP") to AIMS for the Preparation of an Alternative Study Report for West Bank and Vicinity, New Orleans, LA, Hurricane Protection Project, WBV-24 Segnette State Park Floodwall (the "Project").

9.

In order to fulfill certain obligations and/or duties identified in the RFP, AIMS requested that Ardaman supply it with an estimate for Ardaman's total labor cost for performing certain specified services including, but not limited to, the geotechnical design and analysis for five (5) alternative levees, foundations and/or earthfill dams, whereby the aforementioned geotechnical design would aid in the construction of an improvement to real property consisting of replacement hurricane flood protection to an existing floodwall.

10.

In response to AIMS request, Ardaman issued to AIMS an Estimate Summary (the "Estimate Summary") wherein Ardaman detailed: (i) its proposed hourly rate for certain specified Ardaman employees; (ii) an estimate of labor hours to complete the services requested by AIMS;

3

and (iii) the total cost for Ardaman to complete a scope of work under the RFP.

11.

Subsequently, AIMS expressly and/or impliedly agreed to Ardaman's proposed service fees, contained within the Estimate Summary, by virtue of including Ardaman's Estimate Summary within its response to the USACOE's RFP.

12.

Upon information and belief, in or around October 2007, the USACOE accepted AIMS' bid to complete the services necessary for the Project, as set forth under the RFP and AIMS' response thereto.  As a result, the Project was assigned by the USACOE to AIMS as a task order under the Global Contract.

**FIRST CLAIM FOR RELIEF**
(Breach of Contract against AIMS)

13.

Ardaman repeats and re-alleges the allegations contained in paragraphs 1 and 2, and 7 through 12, as if fully set forth herein.

14.

Upon the USACOE's issuance of a task order to AIMS for the Project, AIMS and Ardaman entered into an oral agreement whereby Ardaman agreed to perform certain services for the Project on AIMS' behalf including, but not limited to, the geotechnical design and analysis for five (5) alternative levees, foundations and/or earthfill dams.

15.

In exchange for its performance of the aforementioned services on the Project, AIMS expressly or impliedly agreed to reimburse Ardaman at the rates specified under the Estimate Summary.  Pursuant to the Estimate Summary, AIMS agreed to pay Ardaman a total of

4

$198,944.00, in consideration for Ardaman's services related to its geotechnical design and analysis for the Project.

16.

On or about November 28, 2007, by virtue of an Amendment to Scope of Work to the Project (the "Amendment"), the USCOE required an additional design analysis on the Project. Subsequently, in order to fulfill the USCOE's requirement, AIMS and Ardaman orally agreed that Ardaman would perform the additional design analysis for a sum of $6,037.60.

17.

Ardaman fully performed the material terms of its agreement with AIMS. Evidence of Ardaman's full and complete performance of the material terms of its agreement with AIMS is evidenced by, among other things, Ardaman's issuance of a 65% design report, a 95% design report, and a 100% design report (the "100% Report") to AIMS and the USACOE.

18.

Upon information and belief, the USACOE accepted the 100% Report as being fully compliant with the requirements set forth under the RFP and the Amendment.

19.

Notwithstanding the USACOE's acceptance of the 100% Report, and Ardaman's issuance of three (3) invoices (Nos. L083194, L083060, and L073148) to AIMS, for purposes of obtaining payment for services performed by Ardaman under its contract with AIMS, AIMS has failed to issue payment-in-full for the services performed by Ardaman on the Project.

20.

On or about March 18, 2008, Ardaman issued to AIMS Invoice No. L083060, in the amount of $187,840.50. However, since AIMS had previously issued a payment to Ardaman in

the amount of $132,504.80, the amount due and owing under Invoice No. L083060 was and is $55,335.70. Although payment was due (on Invoice No. L083060) within thirty (30) days, and despite a demand from Ardaman, AIMS has failed to issue payment to Ardaman under the aforementioned invoice.

21.

Additionally, on or about July 16, 2008, Ardaman issued to AIMS Invoice No. L083194, in the amount of $17,141.10. Although payment was due (on Invoice No. L083194) within thirty (30) days, and despite a demand from Ardaman, AIMS has failed to issue payment to Ardaman under the aforementioned invoice.

22.

As a result of its failure to issue payment-in-full to Ardaman on invoice numbers L083060 and L083194, AIMS has materially breached the terms of the contract between Ardaman and AIMS and, as a result, Ardaman has suffered damage in the amount of $72,476.80 plus accrued interest.

**SECOND CLAIM FOR RELIEF**
(Violation of Federal and State Prompt Payment Acts—
31 U.S.C. §3901 *et seq.* and La. R.S. 9:2784—against AIMS)

23.

Ardaman repeats and re-alleges the allegations contained in paragraphs 1 and 2, 7 through 12, and 14 through 22, as if fully set forth herein.

24.

Upon information and belief, the USACOE accepted the 100% Report as being fully compliant with the requirements set forth under the RFP and the Amendment and, thereafter, the USACOE issued a payment to AIMS, in an amount covering AIMS' obligation to Ardaman

under the terms of the parties' contract.

25.

Despite receiving payment from the USACOE for services performed by Ardaman which were necessary for the construction of an improvement to real property, AIMS has failed, without reasonable cause, to remit payment to Ardaman within fourteen (14) days after receiving the payment from the USACOE for Ardaman's geotechnical engineering services. By virtue of its failure to issue prompt payment to Ardaman, AIMS has violated the express terms of La. R.S. 9:2784.

## DAMAGES

26.

Ardaman repeats and re-alleges the allegations contained in paragraphs 1 and 2, 7 through 12, 14 through 22, and 24 through 25, as if fully set forth herein.

27.

As a result of AIMS' failure to pay Ardaman all amounts due and owing under the parties' contract, and as a result of AIMS' failure to remit payment to Ardaman after it received payment for Ardaman's services from the USACOE, Ardaman has been damaged in the principal amount of $72,476.80 or, alternatively, the reasonable value of its services, together with accrued interest thereon, Ardaman's attorneys' fees incurred in pursuing this demand, and all costs related to these proceedings.

## PRAYER FOR RELIEF

**WHEREFORE**, Ardaman & Associates, Inc., prays as follows:

(1)     For judgment in its favor and against Defendant, AIMS Group, Inc., in the principal amount of $72,476.80, with all accrued legal interest from the due dates until paid, attorneys' fees, and costs of collection;

(2)     For all costs of these proceedings, including attorneys' fees, and for all general and equitable relief to which Ardaman & Associates, Inc. may be entitled; and

(4)     For all fees, costs, penalties, rights, and monies due under La. R.S. 9:2784.

Dated:  May ___, 2010

                                          Respectfully submitted:

/s/ Gerald A. Melchiode_____
GERALD A. MELCHIODE, T.A. (#22525)
Email:  jmelchiode@gjtbs.com
JASON J. MARKEY (#29722)
Email: jmarkey@gjtbs.com
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
One Shell Square
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:   (504) 525-2854
***Attorneys for Ardaman & Associates, Inc.***

**PLEASE SERVE:**

**AIMS Group, Inc.**,
Through its agent for the service of process:
Kirk Juneau
101 Madewood Drive
Mandeville, LA 70471

8